# MATEO FAJARDO, Plff.,

*v.*

# SUCRERIE CENTRAL COLOSO, Dft.

San Juan, Law, No. 1161.

### DEMURRER TO AMEND COMPLAINT.

Contract.

 1. Under the Civil Code there is a binding contract if there has been consent of the parties, definite object and consideration; and if the terms of a contract are clear they must be taken in their literal sense.

Agency.—Corporations.

 2. A corporation can act only through its officers, and when a corporation's officers are doing a certain thing for the corporation there is no presumption that they are not authorized to so act.

Damage.

 3. The losses and damages for which a debtor in good faith is liable are those foreseen or which might have been foreseen at the time of assuming the obligation, and which are a necessary consequence of its nonfulfilment.

Pleading—Allegation.

 4. In determining whether or not a complainant states a specific fact, this may be determined by reading the complaint as a whole.

Contract—Tender of purchase price.

 5. The purchaser of a property need not allege a tender of the purchase price after he has learned that the vendor has sold to another, but he must show that he was and stands ready to fulfil his part of the contract.

NOTE.—For authorities discussing the question of presumption that a contract within the power of a corporation is within the authority of its president, see note in 7 L.R.A.(N.S.) 376.

Fajardo v. Sucrerie Central Coloso.

Pleading—Contracts.

6. A court will not look to matters not in a pleading to determine its contents.

Pleading—Complainant—Allegations.

7. Where a plaintiff in his complaint asks simply for damages, there is no occasion to remit him to equity.

Opinion filed November 22, 1916.

*Mr. Willis Sweet* for plaintiff.

*Messrs. Rodriguez Serra* and *F. H. Dexter* for defendant demurring.

HAMILTON, Judge, delivered the following opinion:

Since the original filing of the demurrer, an amendment has been allowed to the complaint, or, what is in effect the same thing, an amended complaint has been allowed and filed. The result is that some grounds raised by the demurrer would seem to be removed, or at all events to be inapplicable. So far as the demurrer applies at present, it will be discussed as follows.

1. The first and second grounds of demurrer allege that the complaint does not sufficiently describe the powers and duties of the officers of the company so as to show that they were authorized to make the alleged contract. This does not seem to be well taken to the complaint, at least in its present form. The allegation is that plaintiff heard the Central Coloso was for sale and applied to the office of the director, admittedly the chief representative of the corporation on the Island, and learned the price. Plaintiff then submitted an offer, and in

paragraph 4 of the complaint this offer is in so many words said to have been accepted by cable, requiring plaintiff to come to Paris without delay to settle the business. Plaintiff immediately left and arrived in Paris during the month of September, which subsequent cables fixed as the time for settling the business in question.

A contract under the Civil Law is described in §§ 1228 and 1248 of the Civil Code of Porto Rico, as follows:

"Sec. 1228. There is no contract unless the following requisites exist:

"1. The consent of the contracting parties.

"2. A definite object which may be the subject of the contract.

"3. The cause for the obligation which may be established."

"Sec. 1248. If the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed.

"If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail."

Under the facts as set out in the complaint it would seem that the requirements of the Code have been complied with and that a binding contract was made between the parties. Whether all allegations are full enough is of course another matter.

2. The Civil Code of Porto Rico contains the following provisions as to the powers and duties of officers:

"Sec. 1226. No one can contract in the name of another without being authorized by him or without having his legal representation according to law.

"A contract executed in the name of another by one who has neither his authorization nor legal representation shall be void,

Fajardo v. Sucrerie Central Coloso.

unless it should be ratified by the person in whose name it was executed before being revoked by the other contracting party."

"Sec. 1615. An agency stated in general terms only includes acts of administration.

"In order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required.

"The power to compromise does not give authority to place the matter in the hands of arbitrators or amicable compromisers."

The demurrer raises the question whether the powers have been sufficiently defined in the complaint to come up to these requirements. We must hold that they are sufficiently described. This is not so much the case of agency as of the corporation itself. The corporation cannot act in any other way than through its officers, and when its officers are described as doing a certain thing for the corporation there can be no presumption that they are not authorized to act. The complaint as a whole shows that the officers in question and the corporation itself are used almost interchangeably. The sections quoted may be more applicable when it comes to the hearing and evidence is introduced. Construing the complaint as a whole, it would seem that this ground of demurrer is not well taken.

3. The damages allowed under Civil Code, § 1074, are those which may have been foreseen:

"Sec. 1074. The losses and damages for which a debtor in good faith is liable, are those foreseen or which may have been foreseen, at the time of constituting the obligation, and which may be a necessary consequence of its nonfulfilment.

"In case of fraud, the debtor shall be liable for all those

Fajardo v. Sucrerie Central Coloso.

which clearly may originate from the nonfulfilment of the obligation."

The third ground of demurrer alleges that these damages are not made clear in the complaint. This seems to be true. Incidentally the complaint speaks of a resale, but cannot be considered as stating this sufficiently to enable defendant to inquire into its truth. This ground of demurrer must be sustained.

4. Ground 4 of the demurrer is that the complaint failed to show that any specific time was determined for the consummation of the sale. This does not seem to be a correct statement of the complaint. Taken as a whole, the conclusion must be that September was fixed as the time within which to conclude the details, and furthermore that the plaintiff arrived in September.

5. The complaint fails to show that the plaintiff has tendered to the defendant the price for the sale. This seems to be true, but there seems to be no reason why he should tender the price when he had been distinctly informed that the property had been sold to someone else. To tender money under those circumstances would be doing a vain thing. The plaintiff has to show that he was ready and stands ready to complete the sale, but this is perhaps rather a matter of proof than of pleading, and, at all events, is not raised by the demurrer.

6. Another matter set up on the argument on the demurrer is that the contents of a certain cable do not make a contract, and argues as if they are set out in extenso. This was probably based upon the argument. The wording is not set out in the amended complaint, and so as a demurrer is not well taken. The court has no way of knowing the contents beyond that the complaint distinctly alleges that acceptance is contained in said cable.

Fajardo v. Sucrerie Central Coloso.

7. The demurrant devotes some discussion to the distinction between a promise to sell under § 1354 of the P. R. Civil Code, and an actual sale under § 1353, claiming that in either case damages do not lie. There seems to be no question under the frame of the present complaint that the suit is for breach of an alleged completed contract, and if damages are adequate it is settled that suit may always be entertained for such damages. The plaintiff alleges that damages are adequate, and there would seem to be nothing in the pleadings to show the contrary and remit him to equity.

It follows that all grounds of demurrer must be overruled except the third, and it is so ordered.